**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CLIFTON SAMUELS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| AUVESY-MDT, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## PLAINTIFF'S ORGININAL COMPLAINT AND JURY DEMAND

Plaintiff, Clifton Samuels, by and through his undersigned counsel, files this Complaint against Defendant, Auvesy-MDT, and alleges unlawful discrimination in [statute] violation of as follows:

## PARTIES

1.

Plaintiff, Clifton Samuels, is a resident of Forsyth County, Georgia, and was employed by Defendant until his wrongful termination on January 9, 2024.

2.

Defendant is an international corporation and may be served with process by serving its registered agent, InCorp Services, Inc. at 9040 Roswell Road, Suite 500, Atlanta, GA, 30350.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this action arises under the laws of the United States.

4.

Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the events or omissions giving rise to this claim occurred in this district.

5.

Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on March 6, 2024. Thereafter, Plaintiff received his Notice of Right to Sue on March 8, 2024. *See attached*.

6.

Plaintiff brings the above-entitled Complaint within 90 days of his receipt of the EEOC's Notice of Right to Sue.

## FACTUAL BACKGROUND

7.

On or about March 28, 2022, Plaintiff was hired by Defendant as an Accounting Specialist.

8.

On or about July 4, 2022, Plaintiff was promoted to Senior Accountant in an executive meeting with the Chief Executive Officer, Stefan Jesse; Plaintiff was additionally given a raise with $5,000 bonus to be paid in December 2022.

9.

In September 2022, Plaintiff began reporting directly to

10.

In or around November 2022, Krescent Frye, African American, Human Resources Coordinator, told Plaintiff of a meeting she attended with management officials Stephan Jesse, William Draper, and Tim Weckerle.

11.

Namely, Krescent Frye explained that the management officials openly discussed the need to hire younger talent.

12.

Krescent Frye told Plaintiff that President William Draper commented that if it was up to him, neither Plaintiff nor his African American colleague, Patricia Waugh would have received raises.

13.

Krescent Frye then warned Plaintiff that Defendant was, "targeting" people that "look like us."

14.

Around September 2023, Plaintiff called Tim Weckerle, Chief Executive Officer, and expressed his good faith opposition to discrimination from Defendant based on age, race, and national origin.

15.

In December 2023, Plaintiff was denied his annual bonus of which he was promised after he was promoted to Senior Accountant. [1]

---

[1] The Eleventh Circuit has read applicable Supreme Court precedent as strongly suggesting that it is for a jury to decide whether anything more than the most petty and trivial actions against an employee should be considered

16.

On January 9, 2024, Defendant terminated Plaintiff's employment.

<u>COUNT I:</u>
<u>DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION</u>
<u>IN EMPLOYMENT ACT OF 1967, 29 U.S. Code § 623, et. seq.</u>

17.

Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as

if fully set forth herein.

18.

Born in the 1970s, Plaintiff is easily over the age of forty.

19.

As set forth above, Plaintiff was subjected to an adverse employment action

when Defendant denied his annual bonus in December 2023 and when he was

terminated on January 9, 2024.

20.

Through experience and tenure, Plaintiff was thoroughly qualified for the

position that he held while employed with Defendant.

21.

But for Defendant's desire to hire younger talent, Plaintiff would still be

employed.

22.

---

materially adverse to him and thus constitute adverse employment actions. *See Sharpe v. Global Sec. Int'l*, 766 F. Supp. 2d 1272 (N.D. Ala. 2011).

Plaintiff was subjected to disparate treatment based on his age when management officials for Defendant openly expressed the need to hire younger talent.

23.

Other similarly protected classed employees over the age of forty, including but not limited to Krescent Frye and Patricia Waugh were separated from their employment with Defendant.

COUNT II:
RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S. Code § 623, et. seq.

24.

Plaintiff realleges and incorporates by reference paragraphs 1 through 23 as if fully set forth herein.

25.

Plaintiff engaged in activated protected by the "Opposition Clause" when he called Tim Weckerle to express his frustration with being discriminated against by Defendant based in part on his age.

26.

Again, Plaintiff was subjected to an adverse employment action when Defendant denied his promised annual bonus then terminated his employment.

27.

But for Defendant's desire to hire younger talent, Plaintiff would still be employed.

COUNT III:
DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL
RIGHTS ACT OF 1964, 42 U.S.C. §2000e et. seq.

28.

Plaintiff realleges and incorporates by reference paragraphs 1 through 27 as if fully set forth herein.

29.

Plaintiff is black male of Jamaican descent.

30.

According to the former African American Human Resources Coordinator, Krescent Frye, Defendant was targeting in employees that looked them (race).

31.

Other similarly protected black employees, including but not limited to Krescent Frye and Patricia Waugh were separated from their employment with Defendant.

COUNT IV:
RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS
ACT OF 1964, 42 U.S.C. §2000e et. seq.

32.

Plaintiff realleges and incorporates by reference paragraphs 1 through 31 as if fully set forth herein.

33.

Plaintiff engaged in Title VII protected activity when he called Tim Weckerle and voiced his opposition to Defendant's discrimination based in part on race, and national origin.

34.

Plaintiff was subjected to adverse employment actions in December 2023 and January 2024 when he was ultimately terminated.

35.

Other similarly protected black employees, including but not limited to Krescent Frye and Patricia Waugh were separated from their employment with Defendant.

## COUNT V:
## DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981 OF THE CIVIL RIGHTS ACT OF 1866

36.

Plaintiff realleges and incorporates by reference paragraphs 1 through 35 as if fully set forth herein.

37.

Plaintiff is a black male of Jamaican descent that desires the same rights afforded to white citizens.

38.

Plaintiff and other black employees were subjected to disparate treatment based on their race when their employment with Defendant was separated.

## COUNT VI:
## RETALIATION IN VIOLATION OF 42 U.S.C. §1981 OF THE CIVIL RIGHTS ACT OF 1866

39.

Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

A.      That this Court take jurisdiction of this matter

B.      That the Court award lost compensation and economic benefits of employment to the Plaintiff in the amount to be determined by the trier of fact;

C.      That the Court award Plaintiff her cost of litigation in this action and her reasonable attorney's fees.

D.      That the Court grant Plaintiff the right to have a trial by the jury on all the issues triable to a jury; and

E.      That the Court grant such additional relief as the Court deems proper and just.

Respectfully submitted this 6th day of June 2024.

**JESSE KELLY PC**
By:    /s/ Jesse L. Kelly
Jesse L. Kelly, Esq.
Georgia Bar No. 935869
355 Lenox Road Suite 1000
jesse@jkellypc.com

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 5.1, the undersigned, attaches this Certificate of Service

This 6th day of June 2024.

**JESSE KELLY PC**

*/s/ Jesse Kelly*
**Jesse L. Kelly**
Ga Bar No. 935869
3355 Lenox Rd. Suite 1000,
Atlanta, GA 30326
Phone: (678) 460-6801
Fax: (678) 730-3443
jesse@jkellypc.com