# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CLIFTON SAMUELS,

        Plaintiff,

v.

AUVESY-MDT.,

        Defendant.

Civil Action No.: 1:24-cv-02487-ELR-CMS

Conference (is not) requested

## CONSOLIDATED PRETRIAL ORDER

Plaintiff Clifton Samuels and Defendant Auvesy-MDT, jointly submit this Proposed Consolidated Pretrial Order.

1.

**There are no motions or other maters pending for consideration by the court except as noted:**

There are no pending motions.

2.

**All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B).**

**Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.**

There are no pending depositions to be undertaken.

3.

**Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.**

Auvesy-MDT should be identified as MDT Inc. d/b/a Auvesy MDT. There is no question as to misjoinder or non-joinder of any parties.

4.

**Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections.  (When there are multiple claims, list each claim and its jurisdictional basis separately.)**

Parties do not contest the jurisdiction of this Court. Jurisdiction is proper under 28 U.S.C. § 1331, as this action arises under the laws of the United States. Specifically, jurisdiction for Plaintiff's ADEA claims is conferred by 29 U.S.C. § 626(c). Jurisdiction for Plaintiff's Title VII claims is conferred by 42 U.S.C. § 2000e-5(f)(3). Jurisdiction for Plaintiff's claims under 42 U.S.C. § 1981 is proper pursuant

to 28 U.S.C. § 1343(a)(4). Each claim arises from alleged acts of unlawful discrimination and retaliation that occurred within this District, making jurisdiction and venue proper.

5.

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiff Clifton Samuels:**

**Jesse L. Kelly**
Jesse Kelly PC
Lenox Rd. Suite 1000,
Atlanta, GA 30326
Phone: (678) 460-6801
Fax: (678) 730-3443
Email: jesse@jkellypc.com

**Defendant:**

**Robert Kyle Paske**
Briskin, Cross & Sanford, LLC
33 South Main Street
Suite 300
Alpharetta, GA 30009
770-410-1555
Fax: 770-410-3281
Email: kpaske@briskinlaw.com

6.

**Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR3[1].3(B)(2)(b)).  State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.**

None.

7.

**The captioned case shall be tried (___X__) to a jury or (_____) to the court without a jury, or (_____) the right to trial by jury is disputed.**

8.

**State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.**

The parties do not request bifurcation.

9.

_____

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

## 10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.

The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any.  Counsel may be permitted to ask follow-up questions on these matters.  It shall not, therefore, be necessary for counsel to submit questions regarding these matters.  The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

## 11.

State any objections to plaintiff's voir dire questions:

*See* Attachment B-3.

State any objections to defendant's voir dire questions:

*See* Attachment B-4.

12.

**All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise.  The parties must state in the space provided below the basis for any requests for additional strikes.  Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870.  See Fed.R.Civ.P. 47(b).**

The parties do not seek any additional strikes.

13.

**State whether there is any pending related litigation.  Describe briefly, including style and civil action number.**

There is no pending related litigation.

14.

**Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading.  In negligence cases, each and every act of negligence relied upon shall be**

separately listed.  For each item of damage claimed, plaintiff shall separately provide the following information:  (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage.  Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence.  All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading.  For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage.  Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties.  No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case.  It is the duty

of counsel to cooperate fully with each other to identify all undisputed facts.  A refusal to do so may result in the imposition of sanctions upon the noncooperating counsel.

17.

**The legal issues to be tried are as follows:**

**Plaintiff's Proposed Legal Issues to be Tried:**

1. Whether Defendant discriminated against Plaintiff on the basis of age in violation of the Age Discrimination in Employment Act (ADEA).
2. Whether Defendant retaliated against Plaintiff for engaging in protected activity under the ADEA.
3. Whether Plaintiff is entitled to relief under the ADEA, including lost wages, liquidated damages, and attorneys' fees.
4. Whether Defendant discriminated against Plaintiff based on race and national origin in violation of Title VII of the Civil Rights Act of 1964.
5. Whether Defendant retaliated against Plaintiff for opposing unlawful discrimination in violation of Title VII.
6. Whether Plaintiff is entitled to relief under Title VII, including compensatory damages, punitive damages, and attorneys' fees.
7. Whether Defendant discriminated against Plaintiff based on race and national origin in violation of 42 U.S.C. § 1981.
8. Whether Defendant retaliated against Plaintiff for engaging in protected activity under 42 U.S.C. § 1981.

9. Whether Plaintiff is entitled to relief under 42 U.S.C. § 1981, including compensatory damages, and attorneys' fees.

**Defendant's Proposed Legal Issues to be Tried:**

1. Whether Plaintiff can prove by a preponderance of the evidence that age was the but-for cause of his termination;

2. Whether Plaintiff can prove by a preponderance of the evidence that race or nation of origin was the but-for cause of his termination;

3. Whether Plaintiff can prove by a preponderance of the evidence that age was the but-for cause for Defendant's declining to pay an annual bonus to him;

4. Whether Plaintiff can prove by a preponderance of the evidence that race or nation of origin was the but-for cause for Defendant's declining to pay an annual bonus to him;

5. Whether Plaintiff can prove that he is entitled to back pay damages and, if so, whether he mitigated his damages; and

6. Whether Plaintiff can prove by a preponderance of the evidence that Defendant's decision to let her go was "willful" as defined by the ADEA.

18.

**Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the**

witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial.  Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included.  Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.  Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial.  Learned treatises which are expected to be used at trial shall not be admitted as exhibits.  Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts.  Adequate space must be left on the left margin of each party's exhibit list for court

stamping purposes.  A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits.  When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised.  Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included.  Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial.  Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court.  Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial.  Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

Attachment "G-1" is a list of Plaintiff's proposed exhibits and Attachment "G-2" is a list of Defendants' proposed exhibits.

20.

**The following designated portions of the testimony of the persons listed below may be introduced by deposition:**

None.

**Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial.  Objections not perfected in this manner will be deemed waived or abandoned.  All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted.  Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.**

None.

21.

**Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case.  Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.**

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial.  Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered.  In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge.  For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order.  If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

*See* Attachment I

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

N/A

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met virtually on June 20, 2025, to discuss in good faith the possibility of settlement of this case. The court (_____) has or (__X___) has not discussed settlement of this case with counsel. It appears at this time that there is:

(_____) A good possibility of settlement.

(_____) Some possibility of settlement.

(_X____) Little possibility of settlement. (_____) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

28.

The plaintiff estimates that it will require 2 days to present its evidence. The defendant estimates that it will require 2  days to present its evidence.  The other parties estimate that it will require 0 days to present their evidence.  It is estimated that the total trial time is 5 days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (X) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice.  Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

**IT IS SO ORDERED this Twentieth  day of June, 2025.**


_____
_ Honorable Catherine M. Salinas
UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.


 *Jesse L. Kelly*                               *R. Kyle Paske*
Counsel for Plaintiff                 Counsel for Defendant


**Jesse L. Kelly**                          **Robert Kyle Paske**
Jesse Kelly PC                         Briskin, Cross & Sanford, LLC
Lenox Rd. Suite 1000,                  33 South Main Street, Suite 300
Atlanta, GA 30326                      Alpharetta, GA 30009
Phone: (678) 460-6801                  Phone: 770-410-1555
Fax: (678) 730-3443                    Fax: 770-410-3281
Email: jesse@jkellypc.com              Email: kpaske@briskinlaw.com

**ATTACHMENT A**

**PROPOSED JURY QUESTIONS - LEGAL QUALIFICATIONS TO SERVE**

The parties understand that this Court propounds its own qualifying questions and juror questionnaire.

**ATTACHMENT B-1**

**GENERAL QUESTIONS WHICH PLAINTIFF REQUESTS BE
PROPOUNDED TO THE JURORS ON VOIR DIRE EXAMINATION**

Plaintiff requests that the court propound the following questions to the jurors on voir dire examination. If a question is answered in the affirmative by a proposed juror, Plaintiff respectfully requests leave to ask follow-up questions.

1. Are you now or have you ever been employed by Auvesy-MDT or any of its affiliated entities?

2. Are any of your family members or close friends currently or previously employed by Auvesy-MDT or its affiliates?

3. Have you ever believed you were discriminated against in your workplace? If yes, please explain.

4. Have you ever been accused of discrimination or harassment in a professional setting? If yes, please explain.

5. Mr. Samuels claims that he was discriminated against based on his age, race, and national origin. Is there anyone on the panel who cannot fairly and objectively consider these claims?

6. Have you ever reported or complained about discrimination, harassment, or retaliation in the workplace? If so, how was your complaint handled?

7. Have you ever filed a lawsuit for employment discrimination or retaliation? If yes, what was the basis of the lawsuit?

8. Have you ever been sued for discrimination or retaliation? If yes, what were the allegations?

9. Have you ever filed any lawsuit? If yes, what were your claims?

10. Have you ever been sued? What were the claims made against you?

11. Do you currently supervise or manage employees in your job?

12. Have you or a family member ever worked in human resources?

13. Have you or a family member received training or education in human resources or employment law?

14. Have you or a family member ever run a business with employees?

15. Have you ever worked in the legal field or had legal training?

16. Do you have any personal, religious, political, or philosophical beliefs that would make it difficult for you to award monetary damages to a plaintiff in a civil lawsuit?

17. Do you believe age discrimination is a serious problem in the workplace today? Why or why not?

18. Do you believe racial or national origin discrimination still exists in the modern workplace?

19. Have you or someone close to you ever been terminated from a job? Do you believe the termination was fair?

20. What news sources do you rely on most for information—TV, radio, newspapers, or the internet? Please name them.

21. Do you participate in or follow any political, advocacy, or civil rights organizations? If yes, which ones?

22. Do you have any prior jury service experience? If yes, was it a civil or criminal case, and what was the outcome?

23. Is there anything in your personal experience, beliefs, or background that might affect your ability to be fair and impartial in this case?

**ATTACHMENT B-2**

**GENERAL QUESTIONS WHICH DEFENDANT REQUESTS BE PROPOUNDED TO THE JURORS ON VOIR DIRE EXAMINATION**

Defendant requests that the court propound the following questions to the jurors on voir dire examination. If a question is answered in the affirmative by a proposed juror, Defendant respectfully requests leave to ask follow-up questions.

1. Do you know anything about this case from any source other than what you've heard in the courtroom today?

2. Have you ever hired or supervised people at work?

3. Do you have any familiarity with nondiscrimination laws?

4. How many of you feel it is unfair for an employer to layoff an employee if that employee has done nothing wrong

5. Have any of you or any member of your family been employed in the personnel or human resources department of any company?

6. Have any of you ever been, or are you currently, a party to a lawsuit?

7. Do any of you have any courtroom experience as a witness, or any other participant, at trial? If so, what did that involve?

8. Does anyone have any medical problems, for instance, poor eyesight or hearing, that would make it hard for you to be a juror in this case?

9. If the evidence shows that Plaintiff cannot prove his claim by a

preponderance of the evidence, would you have any difficulty awarding him no money whatsoever?

10. Who would be tempted to award her something, if only to give her something for her trouble?

11. From what you have read or heard, do you think that in recent years the money awards from lawsuits have generally been:

12. . Did you know anyone in the jury pool before today?

13. Now that you have heard what this case is about, is there anything we have not asked about that you feel we should know about you?

**ATTACHMENT B-3**

**PLAINTIFF'S OBJECTIONS**

**TO DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS**

Plaintiff does not have any objections to Defendants' proposed voir dire questions.

**ATTACHMENT B-4**

**DEFENDANTS' OBJECTIONS**

**TO PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS**

Defendants do not have any objections to Plaintiff's proposed voir dire questions.

**ATTACHMENT C**

**PLAINTIFF'S OUTLINE OF THE CASE**

Plaintiff, Clifton Samuels, was employed by Defendant Auvesy-MDT from March 2022 until his termination on January 9, 2024. Plaintiff was promoted to Senior Accountant and promised a year-end bonus in December 2022. In late 2022 and 2023, Plaintiff became aware of and opposed comments and actions by Defendant's management suggesting a preference for younger employees and targeting of Black employees. Plaintiff engaged in protected activity by opposing what he reasonably believed was unlawful discrimination based on age, race, and national origin. Defendant subsequently denied Plaintiff his promised bonus and terminated his employment. Plaintiff alleges that his termination and the denial of promised compensation were motivated by discriminatory and retaliatory intent in violation of federal anti-discrimination laws.

**Rules, Regulations, Statutes, Ordinances, and Illustrative Case Law**

This list of authorities is non-exhaustive, and Plaintiff respectfully reserves the right to amend this list and to cite additional authorities not listed here.

**Statutes and Regulations:**

- Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. (Prohibits discrimination against employees 40 years of age and older based on age.)
- Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Prohibits employment discrimination based on race, color, religion, sex, and national origin.)

- 42 U.S.C. § 1981 (Civil Rights Act of 1866) (Provides that all persons shall have the same right to make and enforce contracts as is enjoyed by white citizens, and prohibits racial discrimination in employment.)
- 29 U.S.C. § 623(d) (Protects employees from retaliation for opposing unlawful practices under the ADEA.)
- 42 U.S.C. § 2000e-3(a) (Prohibits retaliation for opposing practices made unlawful by Title VII.)

**Illustrative Case Laws:**

1. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993);
2. *McDonnell Douglas v. Green*, 411 U.S. 792 (1973);
3. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1989);
4. *Clover v. Total Sys. Servs., Inc*. 176 F.3d 1346, 1351 (11th Cir. 1999);
5. *Taylor v. Cardiovascular Specialist*, P.C. 4 F. Supp. 3d 1374, 1378 (N.D. Ga. 2014);
6. *Standard v. A.B.E.L. Servs., Inc.,* 161 F.3d 1318, 1328 (11th Cir. 1998);
7. *Mihoubi v. Caribou Coffee Co*., 288 Fed. Appx. 551, 551 (11th Cir. 2008);
8. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006);
9. *Crawford v. Metropolitan Gov't of Nashville & Davidson Cty.*, 555 U.S. 271 (2009).

**Damages Claimed and Citations of Authority for Items of Damages**

**Back Pay and Other Lost Benefits.** Plaintiff seeks recovery of lost wages for the period of unemployment following his termination from MDT, Inc. on January 9, 2024, through September 22, 2024—a total of approximately 36.43 weeks. Plaintiff's annual salary at MDT, Inc. was $95,000, which equates to a weekly wage

of $1,826.92. Based on this rate, Plaintiff's lost wages during the unemployment period total $66,482.93. These damages are recoverable under Title VII, the ADEA, and 42 U.S.C. § 1981, which provide for lost compensation due to unlawful termination.

**Raise or Front pay.** After securing new employment on or about September 23, 2024, Plaintiff began working at a reduced pay rate of $40.00 per hour, which annualizes to approximately $83,200. Between September 23 and December 30, 2024, Plaintiff earned a total of $28,420, composed of $20,560 in regular wages and $7,740 in overtime pay. Despite this income, Plaintiff experienced a pay differential relative to his former salary at MDT, Inc., resulting in a total loss of $5,016.88 for the remainder of 2024, excluding any bonuses. Plaintiff seeks this amount as part of his continuing wage loss, recoverable under the same statutory frameworks.

**Compensatory Damages.** Plaintiff seeks compensatory damages which are capped at $300,000 under Title VII for recompense for her emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses. Plaintiff also seek compensatory damages under 42 U.S.C. § 1981a(b)(3) which are uncapped.

**Punitive Damages.** Plaintiff seeks punitive damages to punish Defendant for engaging in discriminatory and retaliatory practices with malice or reckless indifference to Plaintiff's federally protected rights. The amount of punitive damages is to be determined by the jury, within the statutory limits of Title VII and 42 U.S.C. § 1981a(b)(3).

**Liquidated Damages.** Plaintiff seeks liquidated damages under the ADEA in an amount equal to his back pay, on the basis that Defendant's violations of the Act were willful. Plaintiff estimates this amount to be $120,000. This relief is authorized by 29 U.S.C. § 626(b).

**Attorney's Fees and Costs.** Plaintiff seeks an award of reasonable attorneys' fees and litigation costs incurred in prosecuting this action. The amount will be determined by post-trial motion, with documentation provided. This relief is authorized by 42 U.S.C. § 2000e-5(k) (Title VII), 29 U.S.C. § 626(b) (ADEA), and 42 U.S.C. § 1988(b) (Section 1981).

## ATTACHMENT D

## DEFENDANTS' OUTLINE OF THE CASE

**A.**    **Factual Summary**

   **i.**

On March 14, 2022, Defendant Auvesy-MDT ("Auvesy") extended an offer to Plaintiff, Clifton Samuels ("Mr. Samuels"), for the role of Accounting Specialist. The offer letter set forth a base salary of $75,000.00 per year, and set forth no contractual bonuses. Mr. Samuels accepted this offer, and began on or about March 28, 2022.

Effective May 30, 2022, Auvesy promoted Mr. Samuels from Accounting Specialist to Senior Accountant. Mr. Samuels was given a raise to $90,000.00 per year. He was also offered the opportunity to earn a one-time bonus of $5,000.00 at year end of 2022 upon the satisfaction of certain metrics. Mr. Samuels earned this bonus, and it was paid on December 23, 2022.

In 2023, Mr. Samuels performance began to deteriorate. Mr. Samuels was slow in completing work, became difficult to reach during the week days, and was often offline for hours at a time. Additionally, Auvesy began to notice accounting discrepancies, including what was later determined to be the deletion of accounting records by Mr. Samuels, from Auvesy's ERP system. No bonus was offered to Mr. Samuels for 2023. In fact, none of Auvesy's comparable employees earned a bonus in 2023.

Ultimately, due to the performance issues, Auvesy elected to terminate Mr. Samuels from employment on January 9, 2024.  Mr. Samuels initially complained that the termination related to his resistance to processing reimbursement requests of other employees, as well as his resistance to performing work he felt was outside his job duties. He would later claim the termination, and refusal to pay a bonus for 2023 was motivated by discrimination due to his age, race, and nation of origin.

Auvesy ultimately hired a woman of Mr. Samuel's race as his replacement.

**B.** **Summary of Defenses**

Auvesy asserts the decision not to pay a bonus to Mr. Samuels (or any employee, for that matter) were financial, and not related to a discriminatory purpose. Further, Auvesy's decision to terminate Mr. Samuels was due to performance issues, and not any discriminatory purpose. Defendant has not properly claimed punitive or liquidated damages, as neither have been asserted in the Complaint.

**ATTACHMENT E**

**JOINT STIPULATION OF FACTS**

The parties hereby submit the following Joint Stipulation of Facts, which are admitted and require no proof at trial:

1. Defendant employed Plaintiff from on or about March 28, 2022, until his termination on or about January 9, 2024.

2. During his employment, Plaintiff held the positions of Accounting Specialist and later Senior Accountant.

3. Plaintiff was promoted to the position of Senior Accountant effective May 30, 2022.

4. As part of his promotion to Senior Accountant, Plaintiff was offered a pay increase and a bonus of $5,000, to be paid in December 2022.

5. Plaintiff was over the age of 40 at the time of his termination.

6. Plaintiff's termination was executed by Defendant's management on or about January 9, 2024.

**ATTACHMENT F-1**

**PLAINTIFF'S WITNESS LIST**

Plaintiff will have present at trial:

Clifton Samuels, Plaintiff


Plaintiff may have present at trial:

| NAME | SUBJECTS OF INFORMATION |
|------|------------------------|
| Stefan Jesse | Witness to Plaintiff's promotion, salary raise, and bonus promise during the executive meeting. |
| William Draper | Comments about targeting employees based on age, race, and national origin; bonus-related discussions. |
| Tim Weckerle | Witness to discussions and decisions related to Plaintiff's employment termination and complaints. |
| Krescent Frye | Discussions with management about targeting employees based on age and race; relayed discriminatory comments. |
| Patricia Waugh | Knowledge of raises, bonuses, and potential discriminatory treatment within the company. |

**ATTACHMENT F-2**

**DEFENDANTS' WITNESS LIST**

Witnesses of Defendants

Fact Witnesses Defendant will call at trial:

- Clifton Samuels, who may be contacted through his Counsel.

Fact Witnesses Defendant may call at trial:

- Christina Ruiz, who may be contacted through counsel for Auvesy-MDT

- Will Draper, who may be contacted through counsel for Auvesy-MDT

- Taylor Parrish, of Lambert and Associates, 222 South Manoa Road, Suite 201, Havertown, PA 19083, 610-924-9100

- Carrie Lambert, of Lambert and Associates, 222 South Manoa Road, Suite 201, Havertown, PA 19083, 610-924-9100.

Expert Witnesses:

- None.

**ATTACHMENT G-1**

**PLAINTIFF'S EXHIBIT LIST**

Plaintiff reserves the right to use any document necessary for rebuttal or impeachment purposes. Plaintiff also reserves the right to amend this exhibit list to include documents produced by Defendants after the filing of this pre-trial order. Finally, Plaintiff further reserves the right to supplement or amend this list of proposed exhibits no later than fourteen (14) days in advance of the date for which this case appears on the trial calendar.

1. Plaintiff's Charge of Discrimination and related documents;

2. Supporting Documents for the EEO Charge;

3. Electronically stored communications (emails, messages, or memos) between Plaintiff and Defendant's representatives, particularly regarding employment terms, raises, promotions, and any evidence related to discriminatory treatment.

4. Plaintiff's personal notes documenting incidents of discrimination, interactions with management, and other relevant events that may support Plaintiff's claims.

**ATTACHMENT G-2**

**DEFENDANT'S EXHIBIT LIST**

1.    Accounting Department Hires September 2023 – Present - 000001

2.    AMER-Admin - AMEX_ etc_ - Auvesy 000002

3.    American Express Credit Card due January 18, 2024_Redacted –000003-000013

4.    American Express Credit Card –000014

5.    RE_ American Express Credit Card –000015-000017

6.    RE_ Truist Account info –000018-000019

7.    Samuels email 1.18.2024 Fwd_ American Express Credit Card –000020

8.    AUVESY-MDT Handbook – Updated February 2024 –000021-000066

9.    AUVESY-MDT Handbook Final 2023 –000067-000106

10.    Auvesy-MDT, Inc. Cease and Desist Email –000107

11.    Clifton Samuals Complaints - 3rd Email –000108

12.    Clifton Samuals Complaints - Employment Timeline –000109

13.    Clifton Samuals Complaints- 1st Email –000110

14.    Clifton Samuals Complaints- 2nd Email –000111-000113

15.    Clifton Samuals Confirmation Delivery Receipt Cease and Desist Letter – 000114-000117

16.    Clifton - invoicing errors –000118-000136

17.    Clifton Performance 7.20.23 –000137-000138

18.    FW_ 3rd Attempt RE_ Moore Ingram Johnson & Steele 30-60 Day Past Due Friendly Reminder – MIJS 210670 –000139

19.    FW_ change of role details (1) –000140-000141

20.    FW_ change of role details (Krescent) –000142-000143

21.    FW_ change of role details –000144-000145

22.    FW_ End of year incentive - Clifton Samuels – 000146

23.    FW_ ESS_U&S decline Y_Y – 000147-000148

24.    FW_ MDT Open Pos – 000149-000151

25.    FW_ Notice of Continued Non-Payment _ MDT SOFTWARE – 000152

26.    FW_ October to December expenses – 000153-000162

27.    FW_ PA VDA – FYI – 000163-000165

28.    FW_ performance feedback – 000166-000168

29.    FW_ Strive Recruitment Invoices – 000169

30.    FW_ taxes w attachments – 000170-000177

31.    FW_ Update Auvesy Inc_ Sage 50 implementation – 000178-000181

32.    FW_ Urgent - FW_ _EXTERNAL_ Urgent - Is Texas Instruments Tax
Exempt_ - 000182-000195

33.    Gary Email 07.2022 change of role details – 000196-000197

34.    Invoice 202211011 – 000198

35.    Krescent email to Lambert FW_ change of role details – 000199-000200

36.    Preliminary 2023 actuals review – 000201

37.    RE Budget for Temporary Accounting Support – 000202-000207

38.    RE End of Year Orders – 000208-209

39.    RE Ready to Invoice B Braun  ISS PO 20230719-34354 – 000210-000211

40.    RE Ready to Invoice Ford - PO OR238304 (1) – 000212-000216

41.    RE Ready to Invoice Ford - PO OR238304 – 000217-000220

42.    RE Ready to Invoice Fox  Geese  MAC Solutions PO PO001609 – 000221-000222

43.    RE Ready to Invoice Offshore Renewable Energy Catapult  MAC Solutions PO001607 – 000223-000224

44.    Ready to Invoice Baxter Cartago  Incentro PO P23-0164-CR-MDT – 000225-000227

45.    Ready to Invoice Clemens Food PO 4500453494 – 000228-000230

46.    Ready to Invoice Codelco South Teniente Rancagua   Davinco 399 – 000231-000233

47.    Ready to Invoice Ford - PO OR238304 – 000234-000251

48.    Ready to Invoice Ingredion PO 4501971780  0001 – 000252

49.    Ready to Invoice Tenaris PO 6601913052 – 000253

50.    Reminder of order processinginvoicing requirements – 000254-000255

51.    RE_ 1st Quarter Bonus Paid by MDT_ Inc_ for former Employees of Auvesy_ Inc_ - 000256-000259

52.    RE_ allocation invoice from AUVESY-MDT Holding GmbH to MDT (1) – 000260-000264

53.    Re_ allocation invoice from AUVESY-MDT Holding GmbH to MDT – 000265-000268

54.    RE_ American Express Credit Card – 000269-000271

55.    RE_ Clifton Samuels Complaint – 000272-000273

56.    RE_ corporate credit card – 000274

57.    Re_ End of Year Orders – 000275-000277

58.    RE_ Invoice - Reminder_ Your payment to Lambert & Associates_ LLC_ is due – 000278-000282

59.    RE_ Lambert and Associates Late Payments – 000283-000284

60.   RE_ Latoya Parry – 000285-000288

61.   Re_ Mail Room Key – 000289-000290

62.   RE_ Notice of Continued Non-Payment _ MDT SOFTWARE – 000291

63.   Re_ Register AUVESY-MDT in Kentucky – 000292-000298

64.   Re_ Registering MDT in South Carolina – 000299-000302

65.   RE_ roles and responsibilities – 000303-000304

66.   Re_ Truist Account info – 000305-000306

67.   RE_ Webcam and Ring-Light Procurement – 000307-000309

68.   Re_ Welcome to AUVESY-MDT – Systems and Other Info – 000310-000315

69.   March 2022 - January 2024 Promotions and Raises –000316-000317

70.   Policy Additions December 2023 –000318-000328

71.   Clifton Samuels Separation Agreement sent 01.09.2024 – 000329

72.   Samuels reply 01.23.2024 12.57PM – 000330-000351

73.   Lambert reply 01.23.2024 1.11PM – 000352-000368

74.   Samuels reply 01.24.2024 11.07AM – 000369-000392

75.   Samuels reply 01.24.2024 1.49PM – 000393-000416

76.   Samuels reply 01.24.2024 6.54PM – 000417-000440

77.   Lambert reply 01.24.2024 7.39PM – 000441-000458

78.   Lambert reply 01.24.2024 8.34PM – 000459-000477

79.   Lambert reply 01.24.2024 8.43PM – 000478-000496

80.   1b. RE_ MDT, Inc. termination of services - Clifton Samuels – 000497-000499

81.   1c. Clifton Samuels Separation Agreement Cancelled – 000500

82.    Samuels reply 1.10.2024 – 000501-000503

83.    Samuels reply 01.11.2024 1.08PM – 000504-000506

84.    Lambert reply 01.11.2024 1.41PM – 000507-000509

85.    Lambert reply 01.11.2024 6.45PM – 000510-000514

86.    Samuels reply 1.18.2024 – 000515-000525

87.    Samuels reply 01.22.2024. 4.48PM – 000526-000541

88.    Samuels reply 01.22.2024 4.50PM – 000542-000558

89.    Lambert reply 01.23.2024 12.18PM – 000559-000574

90.    Re_ Truist Account info – 000575-000576

91.    Relayed_ Auvesy-MDT, Inc. Cease and Desist –000577

92.    ResumeCliftonSamuels –000578-000584

93.    Tangela_Bolton_Prestige_Staffing –000585-000586

94.    Town Hall – Nov. 21 –000587-000607

95.    Clifton Samuel Separation Agreement – 000608-000613

96.    AUVESY-MDT Company Property Form - Clifton Samuels – 000614

97.    Cease and Desist Letter C. Samuels 8.28.24 – 000615-000616

98.    Clifton Samuels Offer Letter_03142022ds.docx – 000617-000618

**ATTACHMENT G-3**

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBITS**

At this time Plaintiff does not have any objections to Defendants' exhibit list.

**ATTACHMENT G-4**

**DEFENDANT'S OBJECTIONS TO DEFENDANTS' EXHIBITS**

Defendant objects to Plaintiff's exhibit list to the extent it includes generalized categories of documents, and not specific record evidence.

**ATTACHMENT I**

**PLAINTIFF'S PROPOSED VERDICT FORM**

1. Did Plaintiff prove by a preponderance of the evidence that Defendant took an adverse employment action against him?

   Answer: Yes _____    or    No _____


2. Did Plaintiff prove that his age was a motivating factor in the Defendant's decision?

   Answer: Yes _____    or    No _____


3. Did Plaintiff prove that he suffered damages as a result of Defendant's conduct?

   Answer: Yes _____    or    No _____


4. Did Plaintiff engage in activity protected under the ADEA?

   Answer: Yes _____    or    No _____


5. Did Plaintiff prove that he was subjected to an adverse action because of that protected activity?

   Answer: Yes _____    or    No _____


6. Did Plaintiff prove that he suffered damages as a result?

   Answer: Yes _____    or    No _____


7. Did Plaintiff prove that his race and/or national origin was a motivating factor in Defendant's adverse employment actions?

   Answer: Yes _____    or    No _____

8.  Did Plaintiff suffer damages as a result of Defendant's discriminatory conduct?

    Answer: Yes _____    or    No _____

9.  Did Plaintiff engage in protected activity under Title VII?

    Answer: Yes _____    or    No _____

10. Was Plaintiff subjected to retaliation because of his protected activity?

    Answer: Yes _____    or    No _____

11. Did Plaintiff suffer damages as a result of the retaliation?

    Answer: Yes _____    or    No _____

12. Did Plaintiff prove that his race was a motivating factor in any adverse employment action by Defendant?

    Answer: Yes _____    or    No _____

13. Did Plaintiff prove that he engaged in protected activity under ¬ß1981?

    Answer: Yes _____    or    No _____

14. Did Defendant retaliate against Plaintiff for engaging in protected activity?

    Answer: Yes _____    or    No _____

15. Did Plaintiff suffer damages as a result of Defendant's conduct?

    Answer: Yes _____    or    No _____

16. What amount, if any, should Plaintiff be awarded for back pay?

    $ _____

17. What amount, if any, should Plaintiff be awarded for lost benefits?

    $ _____

18. What amount, if any, should Plaintiff be awarded for emotional pain and suffering?

    $ _____

19. What amount, if any, should Plaintiff be awarded for punitive damages (if applicable)?

    $ _____

So Say We All.

_____                    _____

Date                                Foreperson's Signature

## DEFENDANTS' PROPOSED VERDICT FORM

1. Has Plaintiff Samuels proven that Defendant Auvesy fired him  primarily because of his age?

   Answer Yes or No:

   _____        _____
   Yes                    No

2. Has Plaintiff Samuels proven that Defendant Auvesy fired him  primarily because of his race?

   Answer Yes or No:

   _____        _____
   Yes                    No

3. Has Plaintiff Samuels proven that Defendant Auvesy fired him  primarily because of his nation of orgina?

   Answer Yes or No:

   _____        _____
   Yes                    No

4. Has Plaintiff Samuels proven that Defendant Auvesy failed to pay him a bonus for 2023  primarily because of his age?

   Answer Yes or No:

   _____        _____
   Yes                    No

5. Has Plaintiff Samuels proven that Defendant Auvesy failed to pay him a bonus for 2023  primarily because of his race?

   Answer Yes or No:

   _____        _____
   Yes                    No

6. Has Plaintiff Samuels proven that Defendant Auvesy failed to pay him a bonus for 2023  primarily because of his nation of origin?

   Answer Yes or No:

   _____        _____
   Yes                    No

7. Has Plaintiff Jackie Samuels proven that Auvesy proximately caused him to suffer monetary damages as a result of his termination??
   Answer Yes or No:

   _____          _____
   Yes                       No

8. Has Plaintiff Samuels proven that Defendant Auvesy failed to pay him a bonus for 2023  primarily because of his age?
   Answer Yes or No:

   _____          _____
   Yes                       No

9. Do you find that Plaintiff Samuels reasonably mitigated his damages??
   Answer Yes or No:

   _____          _____
   Yes                       No

   *If you marked No, please proceed directly to the next question and enter "$0.00" on the line provided for "Back Pay."*

10. If Plaintiff Samuels is to be awarded damages, state the amount:?

   Back Pay:   _____

11. If you awarded damages to Plaintiff Samuels, has he proven that Defendant Auvesy knowingly violated the law, or that it acted in reckless disregard of the law, when it terminated his employment?

   _____          _____
   Yes                       No

So Say We All.

_____                    _____

- Date                                             Foreperson's Signature